UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ENCARNACION SALAS, IV,<br><br>　　　　　　　　Petitioner,<br>　v.<br>WASHINGTON ATTORNEY GENERAL,<br><br>　　　　　　　　Respondent. | Case No. 2:23-cv-1022-JNW-TLF<br><br>REPORT AND RECOMMENDATION<br><br>NOTED FOR JANUARY 19, 2024 |

The District Court has referred this action to United States Magistrate Judge Theresa L. Fricke. Petitioner Encarnacion Salas, IV, proceeding *pro se*, filed a federal habeas Petition pursuant to 28 U.S.C. § 2254, seeking relief from a 2015 state court conviction. Dkt. 15 (Amended Petition for Writ of Habeas Corpus). Petitioner presents two grounds for *habeas* relief: (1) prosecutorial misconduct and (2) due process violation. *Id.* at 3-4.

For the reasons set forth below, the undersigned recommends that the petition be DISMISSED as time-barred. Also, for the reasons set forth below, the undersigned recommends that issuance of the certificate of appealability (COA) be DENIED as well.

The Washington State Court of Appeals, Division I summarized the facts of the case in its unpublished opinions. Dkt. 20, State Court Record, at 17-21 (State's Exhibit 2, Unpublished Opinion, *State v. Salas*, Court of Appeals Cause No. 80522-3-I, at 1-5. (Ct. App. April 12, 2021) (attached to this Report and Recommendation)). The trial facts

REPORT AND RECOMMENDATION - 1

are not relevant to the issues presented in this habeas corpus case and will not be discussed.

I.    **State Court Procedural History**

Mr. Salas was convicted of murder in the second degree with a deadly weapon in Snohomish County Superior Court. Dkt. 20, State Court Record, at 2-15 (State's Exhibit 1, Judgment and Sentence, Snohomish County Cause No. 14-1-2282-9). Mr. Salas appealed his conviction to the Washington Court of Appeals. On January 8, 2018, the Washington Court of Appeals reversed the conviction. *State v. Salas*, 408 P.3d 383, 387 (Wash. Ct. App. 2018). On remand, the case proceeded to trial, and the jury convicted Mr. Salas of murder in the second degree with a deadly weapon. Dkt. 20, State Court Record, at 21 (State's Exhibit 2, Unpublished Opinion, *State v. Salas*, Court of Appeals Cause No. 80522-3-I, at 5. (Ct. App. April 12, 2021)). Mr. Salas appealed his conviction and sentence to the Washington Court of Appeals. *Id.* at 17. The Court of Appeals affirmed his conviction. *Id.*

Mr. Salas petitioned for discretionary review, but on October 6, 2021, the Washington Supreme Court denied his petition. Dkt. 20, State Court Record, at 215-242 (State's Exhibit 9, Petition for Review, Supreme Court Cause No. 99933-3). *See also* Dkt. 20 at 272 (State's Exhibit 10, Order Denying Review, Supreme Court Cause No. 99933-3).The Washington Court of Appeals issued a mandate on October 12, 2021. Dkt. 20, State Court Record, at 274 (State's Exhibit 11, Mandate, Court of Appeals Cause No. 80522-3-I). Mr. Salas did not file a personal restraint petition ("PRP") or a petition for certiorari in the United States Supreme Court. Dkt. 19 at 5.

Mr. Salas filed the instant federal habeas petition on July 7, 2023, and amended it on August 30, 2023. Dkt. 1, Dkt. 15.

## II.  Discussion

Petitioner filed his Petition on July 7, 2023. Dkts. 1, 15. Respondent argues Petitioner filed his Petition after the one-year statute of limitations prescribed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq.*, and further argues Petitioner is not entitled to any form of tolling that would excuse the late filing. Dkt. 19.

### A.  Statute of Limitations

Pursuant to the AEDPA, a one-year statute of limitations applies to federal habeas petitions. Section 2244(d)(1) states:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

NOTED FOR JANUARY 19, 2024 - 3

If during the limitations period a "properly filed application for state post-conviction or other collateral review . . . is pending," the one-year period is tolled. 28 U.S.C. § 2244(d)(2); *see Pace v. DiGulielmo*, 544 U.S. 408, 410 (2005).

In state court, a direct review generally concludes, and the judgment becomes final, either upon the expiration of the time for filing a petition for writ of certiorari with the United States Supreme Court, or when the Supreme Court rules on a timely filed petition for certiorari. *Bowen v. Roe*, 188 F.3d 1157, 1158-59 (9th Cir. 1999). Pursuant to United States Supreme Court Rule 13, a writ of certiorari must be filed within 90 days after entry of the judgment.

Here, the Washington Court of Appeals filed its mandate on October 12, 2021. Mr. Salas did not file a petition for writ of certiorari in the Supreme Court, making his direct appeal final on January 4, 2022, the date the time for filing a petition for certiorari expired. Thus, his federal filing period ran from January 5, 2022, and ended 365 days later on January 5, 2023. Mr. Salas further did not file a PRP between January 5, 2022 and January 5, 2023. *See* 28 U.S.C. § 2244(d)(2). Petitioner did not file his federal Petition until July 7, 2023, which is approximately six months after the limitations period expired.

Thus, unless Petitioner can show the statute of limitations was somehow tolled, his federal Petition must be dismissed as time-barred.

B.   Equitable Tolling

The AEDPA statute of limitations is subject to equitable tolling where the petitioner pursued his rights diligently and "some extraordinary circumstance stood in his way." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotations omitted). To receive equitable tolling, a petitioner at the very least must show the extraordinary

circumstances "were the but-for and proximate cause of his untimeliness." *Ansaldo v. Knowles*, 143 F. App'x. 839, 840 (9th Cir. 2005).

Here, Petitioner does not argue he is entitled to equitable tolling and fails to demonstrate any extraordinary circumstance prevented him from filing a timely habeas corpus petition. *See* Dkt. 15, Dkt. 21. Therefore, Petitioner fails to show he is entitled to equitable tolling and the Petition is barred by the § 2244 limitations period.

### C. Personal Jurisdiction

Respondent further asserts this Court lacks personal jurisdiction in this case because the Washington Attorney General is not the proper respondent. "A petitioner for habeas corpus relief must name the state officer having custody of him or her as the respondent to the petition." *Stanley v. California Supreme Court,* 21 F.3d 359, 360 (9th Cir. 1994); *see also Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004) (proper respondent to *habeas corpus* petition is person who has custody over petitioner); *Smith v. Idaho*, 392 F.3d 350, 356-57 (9th Cir. 2004) (petitioner for *habeas corpus* relief under 28 U.S.C. § 2254 must name state officer having custody of him or her as respondent). "This person typically is the warden of the facility in which the petitioner is incarcerated." *Stanley*, 21 F.3d at 360; *see also Rumsfeld*, 542 U.S. at 435 (custodian of petitioner is person with ability to produce petitioner's body before *habeas corpus* court).

"Failure to name the petitioner's custodian as a respondent deprives federal courts of personal jurisdiction." *Stanley*, 21 F.3d at 360. Here, the Mr. Salas named the Washington Attorney General as the respondent; the proper respondent is instead the custodian of the facility where he is being held. Therefore, the Court lacks personal jurisdiction over Mr. Salas's petition.

Even if Mr. Salas named the correct respondent, however, his petition would still be time-barred as discussed above.

### III. Evidentiary Hearing

The decision to hold an evidentiary hearing is committed to the Court's discretion. *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). "[A] federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Id.* at 474. In determining whether relief is available under 28 U.S.C. § 2254(d)(1), the Court's review is limited to the record before the state court. *Cullen*, 563 U.S. at 181-82. A hearing is not required if the allegations would not entitle Petitioner to relief under §2254(d). *Landrigan*, 550 U.S. at 474. "It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Id*. Further, the Supreme Court has held that, when reviewing a federal habeas petition under 28 U.S.C. § 2254, the federal court may not consider any facts beyond the factual record presented to the state post-conviction relief court – unless one of the limited exceptions of 28 U.S.C. § 2254(e)(2) applies. *Shinn v. Ramirez*, 142 S. Ct. 1718, 1734 (2022).

The Court finds it is not necessary to hold an evidentiary hearing in this case because, as discussed in this Report and Recommendation, the Petition may be resolved on the existing state court record.

### IV. Certificate of Appealability

A petitioner seeking post-conviction relief under 28 U.S.C. § 2254 may appeal a district court's dismissal of the federal habeas petition only after obtaining a certificate of appealability (COA) from a district or circuit judge. *See* 28 U.S.C. § 2253(c). "A

certificate of appealability may issue . . . only if the [petitioner] has made a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (*citing Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

No jurist of reason could disagree with this Court's evaluation of Petitioner's claims or would conclude the issues presented in the Petition should proceed further. Therefore, the Court concludes Petitioner is not entitled to a certificate of appealability with respect to this Petition.

**V.    Conclusion**

The Petition is untimely as it was filed more than one year after the state court judgment became final. There are no extraordinary circumstances in this case requiring the application of equitable tolling principles. Therefore, the Petition is barred by the one-year limitations period imposed under 28 U.S.C. § 2244(d) and the Court recommends the Petition be **DISMISSED** with prejudice. No evidentiary hearing is required and a certificate of appealability should be denied.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See*

*Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012)(citations omitted).

Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **January 19, 2024**, as noted in the caption.

Dated this 3rd day of January, 2024.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge