UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ENCARNACION SALAS, IV,<br><br>Plaintiff,<br><br>v.<br><br>WASHINGTON ATTORNEY GENERAL,<br><br><br>Defendant. | CASE NO. 23-cv-1022<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION AND OVERRULING OBJECTIONS |

This matter comes before the Court on the Report and Recommendation of the Honorable Theresa L. Fricke, United States Magistrate Judge, and Petitioner Encarnacion Salas's objections to the Report and Recommendation ("R&R"). Dkt. Nos. 22, 23. Judge Fricke recommended the dismissal of Salas's petition for several reasons, including the fact that it was untimely. Dkt. No. 23. After a de novo review of the petition, the R&R, Salas's objections, and being otherwise fully informed, the Court adopts the R&R and DISMISSES Salas's habeas action for the reasons stated below.

Salas filed a habeas petition under 28 U.S.C. § 2241, arguing that his retrial and state court conviction for second degree murder involved prosecutorial

ORDER ADOPTING REPORT AND RECOMMENDATION AND OVERRULING OBJECTIONS - 1

misconduct and constituted a "failure of due process." Dkt. No. 15 at 3. Salas appealed his conviction to the Washington Court of Appeals, which affirmed his conviction. Dkt. No. 20-1 at 17-43. The Washington Supreme Court denied his petition for discretionary review, and the Court of Appeals issued a mandate on October 12, 2021. Salas did not petition for a writ of certiorari to the United States Supreme Court, so his direct appeal became final under the Antiterrorism and Effective Death Penalty Act (AEDPA) on January 4, 2022. Salas did not file a Personal Restraint Petition.

Thus, Salas had one year from January 4, 2022, to file his federal petition for a writ of habeas corpus, but he did not file until July 7, 2023—a little over six months too late. Dkt. No. 22 at 2-4. As a result, the R&R concluded that Salas's petition was time-barred. *Id.* Even if the petition were not time-barred, the R&R also concluded the Court lacks personal jurisdiction because the petition improperly named an institutional respondent (i.e., Washington Attorney General) as opposed to the state officer having custody over Salas. *Id.* at 5-6. Finally, the R&R found that a certificate of appealability should not issue because no jurist could disagree with the Court's evaluation of Salas's claims.

In response, Salas restates the law and argues the one-year statute of limitations under AEDPA for federal habeas petitions is "irrelevant because petition 28 USC 2254 [sic] was filed." Dkt. No. 23 at 3. Salas makes no attempt to argue the limitations period was tolled, and he fails to address the portion of the R&R concluding that the Court lacks personal jurisdiction over the named Respondent. Likewise, he does not argue against the denial of a certificate of appealability.

ORDER ADOPTING REPORT AND RECOMMENDATION AND OVERRULING OBJECTIONS - 2

The Court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*

Contrary to Salas's claims, the one-year statute of limitations under Section 2244(d)(1) for his federal habeas petition is very much relevant, as the R&R thoroughly explains. The mere fact that he filed a federal petition six months too late does not excuse the fact that the limitations period had already expired, as Salas seems to suggest. Moreover, as the R&R concluded, failure to name the proper respondent further dooms Salas's petition. *Smith v. Idaho*, 392 F.3d 350, 356-57 (9th Cir. 2004) (petitioner for habeas corpus relief under 28 U.S.C. § 2254 must name state officer having custody of him or her as respondent). Salas's requested evidentiary hearing will not change this outcome, so the Court finds that a hearing is unnecessary. For the same reason, Salas's "motion to be present for noting," presumably to argue his objections, and his request for a certificate of appealability are also denied. Dkt. No. 24.

For these reasons, the Court ORDERS:

1. The Court ADOPTS the Report and Recommendation. Dkt. No. 22.
2. Salas's petition and this matter are DISMISSED with prejudice as untimely and for lack of personal jurisdiction.
3. Salas is DENIED a certificate of appealability.
4. Salas's motion to be present for noting is DENIED. Dkt. No. 24.

ORDER ADOPTING REPORT AND RECOMMENDATION AND OVERRULING OBJECTIONS - 3

5.  The Clerk is directed to send copies of this Order to the parties and Judge Fricke.

Dated this 17th day of April, 2024.

                                      Jamal N. Whitehead
                                      United States District Judge

ORDER ADOPTING REPORT AND RECOMMENDATION AND OVERRULING OBJECTIONS - 4